Terry W. Bird - State Bar No. 49038
  tbird@birdmarella.com
Oliver Rocos - State Bar No. 319059
  orocos@birdmarella.com
Sarah P. Guinee - State Bar No. 353544
  sguinee@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Lauren Sanchez,
The Collective Book Studio, LLC and Simon
& Schuster, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| Alanna Zabel; AZ I AM, Inc., | CASE NO. 2:25-cv-05558-MEMF-E |
| Plaintiffs, | Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong |
| vs. | **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| Lauren Sanchez; The Collective Book Studio LLC; Simon & Schuster LLC, | |
| Defendants. | *Filed concurrently with Defendants' Evidentiary Objections to Declaration of Alanna Zabel* |
| | Hearing:<br>Date:       October 2, 2025<br>Time:      10:00 a.m.<br>Place:      350 W. 1st Street,<br>                  Courtroom 8B, 8th Floor<br>                  Los Angeles. California 90012 |

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................ 5

II.     RULE 41 PRECLUDES PLAINTIFF FROM BRINGING THIS ACTION............ 5

        A.      Rule 41 Requires The Dismissal Of The Claims Against Ms. Sanchez ......... 5

                1.      Plaintiff's Dismissal Was Voluntary.................................................... 6

                2.      There Is No "Limited Circumstance" Exception To Rule 41 .............. 7

        B.      Rule 41 Also Precludes The Claim Against Collective And Simon &
                Schuster ........................................................................................... 8

III.    PLAINTIFF DOES NOT STATE A COPYRIGHT CLAIM .................................. 9

        A.      The Court Must Apply The Extrinsic Test At This Stage............................... 9

        B.      Plaintiff's "Direct Copying" Argument Misstates The Law ........................ 10

        C.      The Extrinsic Test Confirms There Is No Substantial Similarity ................. 11

IV.     CONCLUSION ........................................................................................ 14

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS FIRST AMENDED COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Advanced Eng'g Sols., Inc. v. Paccar, Inc.*,
5
    No. 5:12-CV-00986-LHK, 2012 WL 4005557 (N.D. Cal. Sept. 12, 2012) .................. 8

6

*Axon Enter. Inc. v. Vievu LLC*,
7
    No. CV-17-01632-PHX-DLR, 2018 WL 317289 (D. Ariz. Jan. 5, 2018)................ 6, 7

8

*Bala v. Bank of Am., N.A.*,
    Case No. CV 15-3305-MWF(JEMx), 2015 WL 4886043 (C.D. Cal. Aug
9
    14, 2015) ......................................................................................... 6

10

*Benay v. Warner Bros. Entm't, Inc.*,
11
    607 F. 3d 620 (9th Cir. 2010)......................................................... 10

12

*Broderbund Software, Inc. v. Unison World, Inc.*,
    648 F.Supp. 1127 (N.D. Cal. 1986) ...................................... 10, 11
13

14

*Funky Films, Inc. v. Time Warner Ent. Co., L.P.*,
    462 F.3d 1072 (9th Cir. 2006) (*overruled on other grounds in Skidmore*,
15
    952 F.3d 1051) ........................................................................... 11

16

*Goudlock v. Thompson*,
17
    No. 08cv00204 BEN (RBB), 2011 WL 1167545 (S.D. Cal. Jan. 28, 2011) ................ 8

18

*Heraldez v. Bayview Loan Servicing, LLC*,
    No. CV 16-1978-R, 2016 WL 10834101 (C.D. Cal. Dec. 15, 2016) ........................... 5
19

20

*Lake at Las Vegas Invs. Grp., Inc. v. Pacific Malibu Dev. Corp.*,
    933 F.2d 724 (9th Cir. 1991)................................................... 6, 7, 8

21

*L.A. Printex Ind., Inc. v. Aeropostale, Inc.*,
22
    676 F.3d 841 (9th Cir. 2012)................................................... 10

23

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*,
    922 F.3d 946 (9th Cir. 2019).................................................... 9
24

25

*Marcus v. ABC Signature Studios, Inc.*,
    279 F.Supp.3d 1056 (C.D. Cal. 2017) ...................................... 11
26

27

*Metcalf v. Bochco*,
    294 F. 3d 1069 (9th Cir. 2002)................................................ 13

28

3

*Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*,
    534 F.2d 1012 (2d Cir. 1976) .......................................................................... 7

*Rentmeester v. Nike, Inc.*
    883 F.3d 1111 (9th Cir. 2018) (*overruled on other grounds in Skidmore*
    *v. Led Zeppelin,* 952 F.3d 1051 (9th Cir. 2020)) .................................... 10, 11

*Ricketts v. CBS Corps.*,
    439 F. Supp. 3d 1199 (C.D. Cal. 2020) .............................................. 12, 13

*Rose Court, LLC v. Select Portfolio Servicing, Inc.*,
    119 F.4th 679 (9th Cir. 2024) ........................................................ 6, 7, 8, 9

*Satava v. Lowry*,
    323 F.3d 805 (9th Cir. 2003) ....................................................................... 12

*Skidmore v. Led Zeppelin*,
    952 F.3d 1051 (9th Cir. 2020) ..................................................................... 11

*Tangle, Inc. v. Aritzia, Inc.*,
    125 F. 4th 991 (9th Cir. 2025) .................................................................... 10

*Whitehead v. Netflix, Inc.*,
    No. 22-CV-04049-CRB, 2022 WL 17342602 (N.D. Cal. Nov. 30, 2022) ................. 13

*Woodland v. Hill*,
    136 F. 4th 1199 (9th Cir. 2025) ................................................................. 10

*Zella v. E.W. Scripps Co.*,
    529 F. Supp. 2d 1124 (C.D. Cal. 2007) ...................................................... 13

**Other Authorities**

F.R.C.P. 41 ...................................................................................................*passim*

F.R.C.P. 41(a)(1)(A)(i) ......................................................................................... 8

F.R.C.P. 41(a)(1)(B) ............................................................................................ 5

Local Rule 7-3 ...................................................................................................... 7

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS FIRST AMENDED COMPLAINT

## I.    INTRODUCTION

This is Plaintiff's third lawsuit asserting the same claim, which she first threatened over a year ago.  Forced, finally, to defend her claims, she fails to present any non-frivolous arguments.  Plaintiff's claims are both procedurally barred and substantively meritless.

As to Rule 41, Plaintiff's argument is effectively that she is above the law and her actions should be excused.  But both the Rule and binding legal authority making clear that her excuses are irrelevant and she cannot *again* sue Ms. Sanchez for copyright infringement because she lost that claim "on the merits."  Ninth Circuit authority also makes clear Plaintiff also cannot circumvent the Rule by bringing the same claim against Ms. Sanchez's agents Collective and Simon & Schuster.

As to the substance of her copyright claim, Plaintiff concedes that her *best* argument is the supposed similarity between the overall plots of *The Fly* and *Dharma Kitty*.[1]  That argument is at best facially meritless and at worst a blatant distortion of copyright law. Plaintiff does not own the concept of a school-age character unexpectedly taking a trip to and from space.  A closer inspection in accordance with the law reveals substantial differences between the works, not least that *The Fly* concerns a fly who travels to space in a rocket launched by humans, whereas *Dharma Kitty* concerns a cat who initiates a flight to Mars and (later) teleportation home through "cosmic yawns."

The Court should dismiss this case with prejudice.

## II.    RULE 41 PRECLUDES PLAINTIFF FROM BRINGING THIS ACTION

### A.    Rule 41 Requires The Dismissal Of The Claims Against Ms. Sanchez

Plaintiff does not dispute, and therefore concedes, that she previously has filed and voluntarily dismissed by notice two actions asserting the same claim at issue here.[2]  Opp. at 4.  These facts alone meet the requirements under F.R.C.P. 41(a)(1)(B), such that her claim already has been "adjudicat[ed] on the merits" and it should be dismissed.  Plaintiff's

---

[1]    Plaintiff concedes AZ I AM, Inc. should be dismissed.  Opp. at 1.

[2]    "Failure to oppose constitutes a waiver or abandonment of the issue."  *Heraldez v. Bayview Loan Servicing, LLC*, No. CV 16-1978-R, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016) ), *aff'd*, 719 F. App'x 663 (9th Cir. 2018).

1  arguments to the contrary fail as a matter of fact and law.

2  **1.      Plaintiff's Dismissal Was Voluntary**

3  The Court should not credit the frivolous claim that Plaintiff did not voluntarily

4  dismiss the Second Action because she was "pressed to accede to Defendant's contention

5  that the case needed to be dismissed or [she] would have to pay Sanchez's attorneys' fees"

6  pursuant to copyright and anti-SLAPP law.[3]  Opp. at 4-5.

7  Plaintiff cites no authority for her proposition, which directly contradicts both the

8  Rule and settled law that asks only whether the withdrawal was voluntary and *not what*

9  *motivated it.  Lake at Las Vegas Invs. Grp., Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724,

10  726-27 (9th Cir. 1991) (a court applying Rule 41 "does not consider the plaintiff's reasons

11  for seeking a voluntarily dismissal"); *Bala v. Bank of Am.*, *N.A.*, Case No. CV 15-3305-

12  MWF(JEMx), 2015 WL 4886043, at *4-5 (C.D. Cal. Aug 14, 2015) ("[T]he Court does not

13  investigate the reasons for the dismissal").  Even Plaintiff's *Axon* case—that defied binding

14  law by considering a plaintiff's intent—did not scrutinize whether the dismissal was

15  motivated by a fear that the claim lacked merit; it looked only at whether the intent behind

16  the filing of multiple actions was to harass.  *Axon Enter. Inc. v. Vievu LLC*, No. CV-17-

17  01632-PHX-DLR, 2018 WL 317289, at *7 (D. Ariz. Jan. 5, 2018) (dismissal not done for

18  an improper purpose because plaintiff did not intend "to harass Defendant").

19  Further, such an exception would substantially dilute the Rule and defeat its purpose.

20  Rule 41 was intended to "limit[ ] a plaintiff's right to repeatedly dismiss the same claims to

21  the detriment of the defendant and the court's docket."  *Rose Court, LLC v. Select Portfolio*

22  *Servicing, Inc.*, 119 F.4th 679, 687 (9th Cir. 2024).  Allowing a plaintiff to sidestep the Rule

23  and refile without limitation by claiming their voluntary dismissal was "compelled" merely

24  because the defendant challenged the claim's merit would only support the *proliferation* of

25  litigation—and meritless litigation in particular—where such motions are more

26

27  _____

[3]    To the extent Plaintiff suggests Ms. Sanchez implicitly agreed or consented to dismissal, there
28  is no support for that in the record.  On the contrary, it is clear that Ms. Sanchez at all times wanted
to proceed with her motions and only did not do so because Plaintiff voluntarily and unilaterally
dismissed her action.  FAC ¶¶ 16-17.

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS FIRST AMENDED COMPLAINT

commonplace than facially plausible claims.  That eventuality also would undermine jurisdictions such as this one, which impose meet and confer requirements to promote early settlement of disputes.  This Court should not read into Rule 41 an exception for voluntary dismissals where a defendant tells plaintiff the claim lacks merit.

### 2.    There Is No "Limited Circumstance" Exception To Rule 41

As noted, the law is clear and settled that the reasons for a plaintiff's voluntary dismissal are irrelevant.  Plaintiff fails to support her argument otherwise.

As to the law, neither *Axon* nor *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012 (2d Cir. 1976), Opp. at 8-9, overcome the clear rule that courts "do[] not consider the plaintiff's reasons for seeking a voluntarily dismissal" under Rule 41.[4] *Lake at Las Vegas*, 933 F.2d at 727; *see also id.* ("The Rule does not require an inquiry into the circumstances of the two dismissals.")

*Axon* is an outlier that ignored the binding law set forth in *Lake at Las Vegas* and the clear wording of the Rule itself.  In the more than seven years since it was decided, not one court in any jurisdiction has cited with approval its consideration of the factors motivating a voluntary dismissal under Rule 41.  And as noted in the Motion, the Ninth Circuit's most recent statement of the law in *Rose Court, LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 687 (9th Cir. 2024) set forth the requirements for adjudicating issues under Rule 41 and does not invite any consideration of motivation. *See* Motion at 16-17.  *Axon* is simply wrong.

Plaintiff's reliance on *Poloron* is similarly disingenuous.  Opp. at 8.  Unlike Plaintiff's unilateral and voluntary dismissal here, the prior action in *Poloron* was dismissed "by stipulation knowingly consented to by all parties."  *Poloron*, 534 F.2d at 1017–18. Accordingly, *Poloron* says nothing about whether this Court should consider the factors motivating the dismissal. *See also Lake at Las Vegas*, 933 F.2d at 727 (*Poloron* "has been limited to its facts and does not preclude application of the bar where the voluntary dismissal

---

[4]    Plaintiff's contention that *Lake at Las Vegas* supports *her* position is wrong.  Opp. at 9.  *Lake at Las Vegas* nowhere says that such factors should be considered and instead **says the exact opposite**. *Lake at Las Vegas*, 933 F.2d at 727.

is unilateral.").

Even if the facts *are* considered, Plaintiff's alleged justifications for why her voluntary dismissal should be excepted from the Rule are each illusory.[5]  While Plaintiff asserts she realized she needed counsel, that must have been clear to her when she spoke with an attorney about her initial action in September 2024.  FAC ¶¶ 12, 18.  Even if she did not realize that then—and she clearly did—she could have simply engaged them and had them file a Notice of Appearance rather than dismissing her case.  And while Plaintiff also claims she was under time pressure, there were no pending deadlines and Plaintiff does not identify any other than Ms. Sanchez's intended filing of her motions.  Even if there were deadlines, *she had filed a motion to stay them*.  RJN Ex. [X].  Finally, while Plaintiff highlights her *pro se* status, she is subject to the same legal standard as other litigants.[6]  Motion at 17 (collecting authorities where courts apply Rule 41 to *pro se* litigants).

Accordingly, none of the facts Plaintiff identifies shows that her dismissal was an exception to the Rule.  *Lake at Las Vegas*, 933 F.2d 727 (dismissing action under Rule 41, noting that even if the court considered the facts underlying the dismissal "there were alternatives to filing for voluntary dismissal").

**B.    Rule 41 Also Precludes The Claim Against Collective And Simon & Schuster**

Rule 41 bars a further action not only against the *same* defendant, but also "a defendant who was not previously named if that defendant is 'substantially the same as the

---

[5]    Plaintiff's filing of a declaration to support her factual contentions is a tacit admission her pleading is deficient.  As set forth in the accompanying motion to strike, the Court not consider it.

[6]    Plaintiff dismissed her Section Action by filing the same state court form she filed when dismissing her First Action.  *Compare* RJN Ex. D *with* Ex. H.  While not headed "Notice of Dismissal," Plaintiff does not and cannot dispute that she dismissed pursuant to Rule 41(a)(1)(A)(i) because she had an absolute right to dismiss and considered the dismissal effective immediately and without further action by the Court.  *See Advanced Eng'g Sols., Inc. v. Paccar, Inc.*, No. 5:12-CV-00986-LHK, 2012 WL 4005557, at *1-2 (N.D. Cal. Sept. 12, 2012) (document titled "request for dismissal" was notice of dismissal under Rule 41(a)(1)(A)(i) where plaintiff had not filed a proof of service and dismissed defendants had not filed an answer or motion for summary judgment); *Goudlock v. Thompson*, No. 08cv00204 BEN (RBB), 2011 WL 1167545, *6 (S.D. Cal. Jan. 28, 2011) ("Rule 41(a) (1)(A)(i) does not require a particular form of a notice of dismissal. . . . Failure to label the document a 'notice of dismissal' is generally harmless if the intent for filing is clear and the plaintiff does not invite any action by the court.") (citations omitted).

defendant dismissed.'" *Rose Court,* 119 F.4th at 688.

As set out in the Motion, the scenario here is materially identical to that in *Rose Court*. There, the agency relationship between the previously dismissed and new defendant and the fact that the prior litigation "implicated [the new defendant's] interests" was sufficient to warrant the dismissal of the entire action under Rule 41. Motion at 18-19. Here, Collective and Simon & Schuster are each agents of Ms. Sanchez (and also of each other), FAC ¶¶ 57, 81, 98-99, and their interests were implicated in the prior actions because they each are being sued now for same copyright infringement claim as Ms. Sanchez was in this and the prior actions; that *The Fly* infringes Plaintiff's work, *id.* ¶¶ 98-99. Accordingly, the action should be dismissed as to those defendants too. *Rose Court,* 119 F.4th at 688.

Plaintiff's attempt to argue otherwise is perfunctory at best. Although she acknowledges *Rose Court*, she ignores Ms. Sanchez's arguments applying it to the instant case. Her only argument is that Collective and Simon & Schuster "played a different role and each is responsible for a different infringement of Plaintiff's copyright." Opp. at 9. But that was the case in *Rose Court* too, and the Ninth Circuit did not consider that to be relevant. On the contrary, the fact that the claims concerned the same legal issue and the parties were all related *supported* dismissal.

Plaintiff does not respond at all to the fact that allowing the claims to proceed against Collective and Simon & Schuster would circumvent Rule 41, and defeat its purpose, by dragging Ms. Sanchez back into a case that should be dismissed against her. The Court should dismiss the entire case under Rule 41.

## III. PLAINTIFF DOES NOT STATE A COPYRIGHT CLAIM

### A. The Court Must Apply The Extrinsic Test At This Stage

Recognizing her claim is frivolous, Plaintiff seeks to avoid scrutiny by asking the Court not to use the extrinsic test for evaluating substantial similarity (set forth in the Motion) by asserting it is disfavored. Opp. at 12. That claim is, again, contrary to law.

"At the pleading stage, this Court considers only the extrinsic test" of substantial similarity. *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.,* 922 F.3d 946, 952 (9th Cir. 2019).

This is because "[o]nly the extrinsic test's application may be decided by the court as a matter of law." *Rentmeester v. Nike, Inc.* 883 F.3d 1111, 1118 (9th Cir. 2018) (*overruled on other grounds in Skidmore v. Led Zeppelin,* 952 F.3d 1051 (9th Cir. 2020)). "[B]ecause a plaintiff must satisfy both the extrinsic and intrinsic tests, failure to meet the extrinsic test is fatal." *Woodland v. Hill,* 136 F. 4th 1199, 1210 (9th Cir. 2025). "The extrinsic test thus serves to screen out objectively meritless claims." *Tangle, Inc. v. Aritzia, Inc.,* 125 F. 4th 991, 997 (9th Cir. 2025).

Plaintiff misquotes *L.A. Printex Ind., Inc. v. Aeropostale, Inc.,* 676 F.3d 841, 852 (9th Cir. 2012), as stating that summary disposition as to substantial similarity is disfavored generally. Opp. at 12. In fact, it is disfavored only at *summary judgment,* and only because at that stage both the extrinsic *and* intrinsic tests are applied. While the extrinsic test "considers the *objective* expressive similarities" and can be applied as a matter of law, *L.A. Printex,* 676 F.3d at 852 (emphasis added), the intrinsic test is a subjective question comparing the "total concept and feel" and is typically left to the ultimate fact finder. *Benay v. Warner Bros. Entm't, Inc.,* 607 F. 3d 620, 624 (9th Cir. 2010).

The Court should reject Plaintiff's invitation to disregard the Ninth Circuit's clear statement of the law, and apply the extrinsic test as required.

## B. Plaintiff's "Direct Copying" Argument Misstates The Law

In another desperate attempt to save her claim, Plaintiff contends she need not even show "substantial similarity" where she can prove "direct evidence of copying," relying on *Broderbund Software, Inc. v. Unison World, Inc.*, 648 F.Supp. 1127, 1135 (N.D. Cal. 1986) and *Rentmeester.* 883 F.3d at 1117. That is a misstatement of law.

*It has never been the law* that even definitive proof of copying is, alone, sufficient to state a claim. Instead, Plaintiff must plead *both* "copying" and "unlawful appropriation" or "*illicit* copying . . . because copyright law does not forbid all copying." *Rentmeester.* 883 F.3d at 1117 (emphasis in original). Accordingly, "[t]o prove unlawful appropriation . . . the similarities between the two works must be 'substantial' and they must involve protected elements of the plaintiff's work." *Id.*; *see also Broderbund*, 648 F.Supp. at 1135 ("Having

determined that the overall structure, sequence and arrangement of the screens, text, and artwork . . . are protected under the copyright laws, the Court now turns to the question of whether defendant in fact copied protected portions").  Plaintiff's argument thus fails even under her own authorities, because no degree of copying can ever relieve her from the burden of sufficiently pleading "substantial similarity" between protected elements of the works.

Plaintiff's copying argument also fails because it is seriously outdated.  In *Skidmore v. Led Zeppelin,* 952 F.3d 1051 (9th Cir. 2020), the Ninth Circuit stated that it *previously* had applied the law as Plaintiff argues:

> We "have adhered to 'what is known as the 'inverse ratio rule,' which requires 'a lower standard of proof of substantial similarity when a high degree of access is shown.' [citation]  That is, 'the stronger the evidence of access, the less compelling the similarities between the two works need be in order to give rise to an inference of copying.'"

At 1066 (citing *Rentmeester*, 883 F.3d at 1124).  The Ninth Circuit continued, however, to hold that it was abrogating that rule and changing the standard:

> "[b]ecause the inverse ratio rule, which is not part of the copyright statute, defies logic, and creates uncertainty for the courts and the parties, *we take this opportunity to abrogate the rule in the Ninth Circuit and overrule our prior cases to the contrary*."

*Id.* (emphasis added).  The Ninth Circuit expressly overruled the part of *Rentmeester* on which Plaintiff relies, *id.* at 1067-68, and implicitly did the same with *Broderbund*.  The law is now clear: access and copying "in no way can prove substantial similarity."  *Id.* at 1069.

Accordingly, Plaintiff must show under the extrinsic test substantial similarity between *The Fly* and *protectible* elements of her work.  She has not done so.

### C.    The Extrinsic Test Confirms There Is No Substantial Similarity

When applying "the extrinsic test, the court should only determine whether 'the protectible elements, standing alone, are substantially similar.'"  *Marcus v. ABC Signature Studios, Inc.,* 279 F.Supp.3d 1056, 1065 (C.D. Cal. 2017) (quoting *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir. 1996)); *see also Funky Films, Inc. v. Time Warner Ent. Co., L.P.,* 462 F.3d 1072, 1077 (9th Cir. 2006) ("In applying the extrinsic test, this court 'compares, not

the basic plot ideas for stories, but the actual concrete elements that make up the total sequence of events and the relationships between the major characters.") (*overruled on other grounds in Skidmore,* 952 F.3d 1051).

As set forth in the Motion, virtually all the alleged similarities between the works that Plaintiff identifies are general concepts, shared premises, or scenes-a-faire, none of which are protectible.  Motion at 22-29.  While Plaintiff "does not concede that each scene or element identified by Defendants is unprotectable," she makes *no effort at all* to show they are protectible.[7]  Opp. at 12.  Instead, she argues only that Ms. Sanchez copied Plaintiff's "selection" and "sequence" of events.  Opp. at 13.

While the selection of unprotectable elements can sometimes be protectible, "it is not true that *any* combination of unprotectable elements automatically qualifies for copyright protection."  *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003) (emphasis in original).  To the contrary, a "combination of unprotectable elements is eligible for copyright protection only if those elements are *numerous* enough and their selection and arrangement *original* enough that their combination constitutes an original work of authorship."  *Id.* (emphasis added).  Plaintiff fails to meet that rigorous standard.

Here, the works are each short books about school age characters who travel to space. The introduction of the character on earth in their regular life naturally precedes their journey *to* space, which precedes a return *from* space, which in turn precedes reuniting with loved ones and reflecting on the experience.  The sequence of events is thus guided by narrative logic from the basic premise, not groundbreaking creativity.  Where, as here, "most of the similarities between the two works flow from the basic plot," there is "not a 'sufficiently original' compilation" and the claim fails.  *Ricketts v. CBS Corps.,* 439 F. Supp. 3d 1199, 1221 (C.D. Cal. 2020).

The Ninth Circuit has only *once* declined to dismiss as a matter of law a copyright claim based on a sequence of events in a literary work, and only because it found there a

---

[7]  Given that Plaintiff had both more time and space in which to oppose than she used, the only discernable reason for this failure is that she cannot do so.

high degree of "striking similarity." *Metcalf v. Bochco,* 294 F. 3d 1069, 1073-74 (9th Cir. 2002) (denying summary judgment). But *Metcalf* involved a far more complex story and far more numerous and detailed similarities than those at issue here. *Id.* (both works featured, among other similarities, "overburdened county hospitals in inner-city Los Angeles with mostly black staffs"; "black surgeons who grew up in the neighborhood where the hospital is located"; romances with divorced women "in their thirties . . . without children and devoted to their careers"; and opposition from "a Hispanic politician."). Plaintiff's identification of a similar overall story arc does not come close to meeting this demanding standard. *Ricketts,* 439 Supp. 3d at 1221 (noting few courts have ever found that a claim met the "striking similarity" standard required); *see also Zella v. E.W. Scripps Co.,* 529 F. Supp. 2d 1124, 1138 (C.D. Cal. 2007) (collecting cases declining to "expand this concept beyond the clear-cut case presented in *Metcalf*").

Further, and fatally for Plaintiff, works also "do not share substantially similar sequences of events" when they "contain events and plotlines that are completely absent from the other." *Whitehead v. Netflix, Inc.,* No. 22-CV-04049-CRB, 2022 WL 17342602, at *22 (N.D. Cal. Nov. 30, 2022). The Works here deviate substantially in many respects, including the following:

| Plot Element | *Dharma Kitty* | *The Fly* |
|---|---|---|
| Introduction and Position of Character | Pratya, ambitious and academically successful, is introduced with her sidekick cat.<br><br>The illustrations show her studying hard and earning access to a space shuttle by getting a good grade. | Flynn struggles with school. "I love school, but it has never been easy for me."<br><br>The illustrations show him failing a science project and being confused in math class. |
| Gaining Access to Spaceship | Pratya is led to the spaceship by her teacher. | Flynn sneaks into the rocket's crew capsule. |
| Shuttle/Rocket Launch | Dharma Kitty lets out a "cosmic yawn" that triggers the launch. | Launch is initiated by humans. |
| While In Space | Pratya fears "another time traveling yawn" from Dharma Kitty. They meditate, breathe and repeat mantras. | Flynn orbits the earth looking at different landmarks. |

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS FIRST AMENDED COMPLAINT

| Plot Element | *Dharma Kitty* | *The Fly* |
|---|---|---|
| Story Apex | The spaceship lands on Mars and they meet a Martian they can understand, who leads them to a cave. When Pratya again becomes stressed, the Martian reminds her to relax. More Martians arrive and they meditate with a crystal in a chant circle. | As the spaceship orbits, astronauts explain the science behind gravity and the atmosphere. Flynn develops an appreciation for space travel because it allows people to better understand the earth. |
| Returning to Earth | While in the chant circle, Dharma Kitty yawns and Pratya and Dharma Kitty teleport home. | Flynn returns in the rocket, which lands with the assistance of parachutes. |
| Theme / Message | Tool to manage anxieties, control reactions; power of meditation | Space exploration helps us understand Earth and how we can help protect it; it's okay to daydream and wander. |

These material differences between key aspects and events within the Works show the falsity of Plaintiff's assertion that the "plot points and storyline found at *every page* of Defendant's work [maps] directly onto the plot points and storyline found in Plaintiff's work." Opp. at 13. When viewed objectively, the Works unquestionably lack the degree of similarity required under the extrinsic test, and certainly under *Metcalf's* stringent standard. They undoubtedly share fewer similarities than those in other Ninth Circuit cases where courts found *no substantial similarity* under the extrinsic test. *See* Motion at 21-22.

Plaintiff engages in a final, last gasp effort to show substantial similarity by cherry picking a few pages from the works and contending that they "are remarkably similar visually." Opp. at 14 (citing FAC ¶¶ 67-69). But those pages again reflect only generic, stock scenes, such as the rocket launching, the character reuniting with their family, and reflecting on their experience. And the way those scenes are presented diverge significantly, with different words, colors, types and permutations of characters, settings, viewing angles, and illustration styles. They are not similar at all in any meaningful way, and the weakness of the comparison belies the overall frivolousness of Plaintiff's claim.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiffs' FAC with prejudice.

14

1    DATED:  August 22, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Terry W. Bird
Oliver Rocos
Sarah P. Guinee
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP


By:    _____
            Oliver Rocos
Attorneys for Defendants Lauren Sanchez, The
Collective Book Studio, LLC and Simon &
Schuster, LLC

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS FIRST AMENDED COMPLAINT