JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alanna Zabel; AZ I AM, Inc., <br><br>                Plaintiffs, <br><br>       v. <br><br><br> Lauren Sanchez; The Collective Book Studio LLC; Simon & Schuster LLC, <br><br>                Defendants. | Case No.: 2:25-cv-05558-MEMF-E <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, REQUEST FOR JUDICIAL NOTICE, AND EVIDENTIARY OBJECTION [DKT. NOS. 18, 18-1, 26]** |

Before the Court are Defendants' Motion to Dismiss, Request for Judicial Notice, and Evidentiary Objection. Dkt. Nos. 18, 18-1, 26. For the reasons discussed below, the Court GRANTS Defendants' Motions to Dismiss, Request for Judicial Notice, and Evidentiary Objection (Dkt. Nos. 18, 18-1, 26).

/ / /

/ / /

1

<u>**BACKGROUND**</u>

I.    <u>**Factual Allegations**</u>[1]

Plaintiff Alanna Zabel is a yoga instructor and children's book author. 1AC ¶¶ 22, 37. Zabel met Lauren Sanchez at one of her yoga classes. *Id.* ¶ 22. Zabel and Sanchez later became close friends. *See id.* ¶¶ 23, 25. In 2008, Sanchez and Zabel discussed Zabel helping Sanchez write a children's book about a fly remaining stuck on a helicopter windshield for the entire flight. *See id.* ¶¶ 27, 48. In 2009, Sanchez signed a Non-Disclosure Agreement with Zabel's business AZ I AM, Inc. to discuss various business partnerships with Zabel, which included writing and publishing children's books. *Id.* ¶¶ 28-29, 49. Zabel has gifted several of her children's books to Sanchez. *Id.* ¶ 47. Zabel and Sanchez had a falling out in 2009. *See id.* ¶¶ 33-35.

In December 2022, Zabel wrote and published a children's book *Dharma Kitty Goes to Mars*, which "centers on Pratya, an AZ I AM Girl from India who is smart, focused, and loves science. In the story, Pratya is unintentionally launched into space with her pet cat, Dharma Kitty. The book teaches children to control their reactions and manage their anxieties." *Id.* ¶ 42, 54. Before Zabel published *Dharma Kitty*, Zabel reached out to Sanchez sometime earlier in 2022 to discuss her book concept of *Dharma Kitty* and their prior business partnership. *Id.* ¶ 52. Zabel also reached out to Jeff Bezos, Sanchez's partner at the time, and was told Bezos received the email. *Id.* ¶ 53.

In September 2024, Sanchez authored a children's book titled *The Fly Who Flew to Space* that was published by The Collective Book Studio and distributed by Simon & Schuster. *Id.* ¶¶ 56-57. Sanchez claims the inspiration for this children's book came from her experience with a fly that flew with her on a helicopter ride, and the story concerns a fly who goes to space. *Id*. ¶ 56. Zabel alleges that "the major plot points and overall story arc of [Sanchez's *The Fly Who Flew to Space* and Zabel's *Dharma Kitty Goes to Mars*] are nearly exactly the same." *See id.* ¶¶ 61-62, 66-71.

/ / /

---

[1] The following factual background is derived from the allegations in Plaintiffs' First Amended Complaint, Dkt. No. 12 ("1AC"), except where otherwise indicated. For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they are true.

## II.    Procedural History

On September 17, 2024, Plaintiff Alanna Zabel filed her first action against Defendant Wendy (Lauren) Sanchez in the Los Angeles County Superior Court, asserting claims for (1) intentional infliction of emotional distress, (2) theft of intellectual property, and (3) unlawful use of Plaintiff's intellectual property under *Desny v. Wilder*. *See* Ex. C, Dkt. No. 18-4; 1AC ¶ 11. For the state action claim of theft of intellectual property, Zabel alleged that Sanchez "used [Zabel's] book concept without [Zabel's] consent or authorization," and Sanchez's book contained "over 60% of similar content and story as the book concept [Zabel] had shared." *See* Ex. C ¶¶ 12, 21, 28-31, Dkt. No. 18-4. Zabel then moved to dismiss this state action eight days later on September 25, 2024. *See* Ex. D, Dkt. No. 18-5; *see also* 1AC ¶ 13.

On December 13, 2024, Zabel filed a second action against Sanchez in the Central District of California, alleging claims of (1) Copyright Infringement under 17 U.S.C. § 501, (2) *Desny* Claim (Theft of Ideas), (3) Unfair Business Practices, and (4) Unjust Enrichment. *See* Ex. E, Dkt. No. 18-6; *see also* 1AC ¶ 14. Zabel alleged that Sanchez used "[Zabel's] book concept without [Zabel's] consent or authorization," and that the infringing work "contains well over 60% of similar content and story" as Zabel's copyrighted book that Zabel had shared with Sanchez prior to publication. *See* Ex. E ¶¶ 21, 30-31, 40-43, Dkt. No. 18-6. Zabel then moved to dismiss this federal action on January 24, 2025, and the Court issued an order granting the dismissal without prejudice on January 16, 2025. *See* Ex. H, Dkt. No. 18-9; Ex. I, Dkt. No. 18-10.

Now, on June 18, 2025, Plaintiffs Alanna Zabel and AZ I AM, Inc. ("AZ I AM") filed a complaint against Defendants Lauren Sanchez, the Collective Book Studio LLC ("Collective"), and Simon & Schuster LLC (all defendants collectively referred to as "Defendants"), alleging claims of (1) Copyright Infringement as to all Defendants and (2) Breach of Contract as to Defendant Sanchez. *See* Dkt. No. 1. On July 2, 2025, Plaintiffs amended their complaint to bring only one claim of Copyright Infringement as to the same Defendants in the original complaint. *See* Dkt. No. 12 ("1AC").

On August 6, 2025, Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint. Dkt. No. 18 ("Motion"). Defendants also filed a Request for Judicial Notice on that same

3

day. Dkt. No. 18-1 ("RJN"). On August 15, 2025, Plaintiffs filed an Opposition. Dkt. No. 22 ("Opposition"). On August 22, 2025, Defendants filed their reply. Dkt. No. 25 ("Reply"). And on that same day, Defendants also filed an evidentiary objection to the Declaration of Alanna Zabel (Dkt. No. 22-1) submitted by Plaintiffs in support of their Opposition. Dkt. No. 26 ("Evidentiary Objection"). Plaintiffs did not file an opposition to the Evidentiary Objection.[2]

## REQUESTS FOR JUDICIAL NOTICE (DKT. NO. 18-1)

### I.    Applicable Law

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

On a motion to dismiss, courts are generally prohibited from "consider[ing] any material beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee*, 250 F.3d at 688). Courts generally only consider the complaint and other materials "submitted with and attached to the Complaint." *Id.* at 999. Documents not attached to the complaint—including documents that might otherwise be subject to judicial notice—may only be considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006)).

### II.    Discussion

#### A. Defendants' Request for Judicial Notice Shall be Granted.

In support of their Motion, Defendants request the Court judicially notice nine (9) documents. *See* RJN. Plaintiff does not oppose Defendants' request for judicial notice. *See generally*

---

[2] The Court grants Defendants' Evidentiary Objection as Plaintiffs did not file an Opposition and thus conceded the arguments. Therefore, the Court strikes the Declaration of Alanna Zabel, Ex. A, Dkt. No. 22-1.

Opposition. The documents are listed below (with descriptions based on Defendants' descriptions of the documents):

1. Exhibit A – A true and correct copy of Ms. Sanchez's work *The Fly Who Flew To Space* (a hard copy has been lodged with the Court);

2. Exhibit B – A true and correct copy of Plaintiff's work *Dharma Kitty Goes To Mars* (a hard copy has been lodged with the Court);

3. Exhibit C – Complaint filed on September 17, 2024 in the Superior Court of California for the County of Los Angeles, District of Santa Monica, in the action Alanna Zabel v. Wendy (Lauren) Sanchez, Case No. 24SMCV04463;

4. Exhibit D – Request for Dismissal filed on September 25, 2024 in the action Alanna Zabel v. Wendy (Lauren) Sanchez, Case No. 24SMCV04463;

5. Exhibit E – Complaint filed on December 13, 2024 in the United States District Court for the Central District of California, in the action Alanna Zabel v. Wendy (Lauren) Sanchez, Case No. 2:24-cv-10764 – FLA (SSCX);

6. Exhibit F – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to the Collective Book Studio, Inc. issued on January 7, 2025 in the action Alanna Zabel v. Wendy (Lauren) Sanchez, Case No. 2:24-cv-10764 – FLA (SSCX);

7. Exhibit G – Ex Parte Motion for Extension of Time Pursuant to Rule 6(b) filed on January 12, 2025 in the action Alanna Zabel v. Wendy (Lauren) Sanchez, Case No. 2:24-cv-10764 – FLA (SSCX);

8. Exhibit H – Plaintiff's Request for Dismissal filed on January 14, 2025, in the action Alanna Zabel v. Wendy (Lauren) Sanchez, Case No. 2:24-cv-10764 – FLA (SSCX);

9. Exhibit I – Order Granting Plaintiff's Request for Dismissal filed on January 16, 2025, in the action Alanna Zabel v. Wendy (Lauren) Sanchez, Case No. 2:24-cv-10764 – FLA (SSCX).

*See generally* RJN.

Exhibits A and B are copies of the works at issue in this copyright action, and they are referred to in the First Amended Complaint. *See* 1AC ¶¶ 61-71. Exhibits A and B are thus incorporated by reference, so the Court will take judicial notice to them both. Exhibits C through I are public records, where its existence and contents (i.e., the fact that this document exists and that it contains the words in the document) cannot reasonably be disputed, and thus the Court will take judicial notice. Accordingly, the Court GRANTS Defendants' Request for Judicial Notice as to all documents, Exhibits A-I.

## MOTION TO DISMISS (DKT. NO. 18)

### I.    Applicable Law

Defendants bring their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) allows a party to seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Labels, conclusions, and "formulaic recitation of a cause of action's elements" are insufficient. *Twombly*, 550 U.S. at 545.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee*, 250 F.3d at 679. But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

///

## II.    Discussion

Defendants move to dismiss Zabel's 1AC and her sole claim for copyright infringement. For the reasons discussed below, the Court finds that Zabel's claims are barred by Rule 41(a) and Defendants' Motion is GRANTED with prejudice.[3]

### A. Zabel's Voluntary Dismissal under Rule 41(a)(1)(B) is an Adjudication on the Merits That Bars the Third Action Against Sanchez.

Defendants contend that Zabel's third action against Sanchez is barred under Rule 41(a)(1)(B)'s two-dismissal rule because it arises out of the same claims as the prior two dismissals. *See* Motion at 14-15. Zabel contends that the two-dismissal rule does not apply because the dismissal was not voluntary, and even if it was, it was under a limited circumstance where Rule 41(a)(1)(B) should not apply. *See* Opposition at 4-9.

Federal Rule of Civil Procedure Rule 41(a)(1)(B) states that "Unless the notice or stipulation states otherwise, the [voluntary] dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). This is known as the "two-dismissal rule." "There are four requirements that must be met to trigger the two-dismissal rule: (1) the plaintiff voluntarily dismissed an action in either state or federal court, (2) thereafter the plaintiff voluntarily dismissed a second action pending in federal court, (3) the two dismissals concerned the same claim, and (4) the plaintiff seeks to raise the twice-dismissed claim again in federal court." *Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 685 (9th Cir. 2024). The two-dismissal rule was adopted to "'limit a plaintiff's ability to dismiss an action' and 'curb abuses' of 'liberal state and federal procedural rules [that] often allowed dismissals or nonsuits as a matter of right until the entry of the verdict.'" *Id.* at 685-86 (*quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990)). "This two-dismissal rule … was intended to prevent delays, costs,

---

[3] Defendants contend that Plaintiff AZ I AM lacks standing to bring a copyright claim and must be dismissed. *See* Motion at 14. Plaintiffs agree, and thus the only Plaintiff remaining is Plaintiff Alanna Zabel. *See* Opposition at 1 n.1.

and harassment caused by plaintiffs securing numerous dismissals without prejudice." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2368 (4th ed. 2023).

Here, Sanchez can satisfy all four requirements to bar Zabel's third action against her. First, it is undisputed that Zabel voluntarily dismissed an action in state court "in order to pursue her [copyright] claim in federal court." *See* 1AC ¶¶ 11-13. Second, Zabel voluntarily dismissed a second action that was pending in federal court. *See* Ex. H, Dkt. No. 18-9; Ex. I, Dkt. No. 18-10 (noting that Plaintiff's Request for Dismissal was granted and the court dismissed the action without prejudice); *see also* 1AC ¶ 18. Zabel does not contest that the second action was dismissed but argues that the dismissal was not voluntary. *See* Opposition at 4-6. As discussed below, the Court finds it was voluntary.[4]

Third, the two dismissals concerned the same claim. The Ninth Circuit adopted the "same transactional approach [used for res judicata claims] for purposes of the two-dismissal rule and [held] that a subsequent claim is the same as a previously dismissed claim if it arises from the same set of facts as the first action and the claim could have been or was raised in the preceding action." *Rose Ct., LLC*, 119 F.4th at 686. So, "the key question in determining whether the claims are the same is 'whether the two suits arise out of the same transactional nucleus of fact.'" *Id.* (cleaned up). Zabel first brought an action in state court for "Theft of Intellectual Property," where Zabel alleged that Defendant Sanchez "used [Zabel's] book concept without [Zabel's] consent or authorization," and Sanchez's book contained "over 60% of similar content and story as the book concept [Zabel] had shared." *See* Ex. C ¶¶ 12, 21, 28-31, Dkt. No. 18-4. Zabel's second action and first federal action for copyright infringement arose out of the "same transactional nucleus of fact" as her state action, where Zabel alleged the same facts of unauthorized use of Zabel's book concept and Sanchez's book containing "60% of similar content and story" as Zabel's book. *See* Ex. E ¶¶ 21, 30-31, 40-43, Dkt. No. 18-6; *see also* Motion at 15. Therefore, the third element is satisfied.

---

[4] Because Zabel argues the second action was not voluntary, it cannot be said that Zabel does not dispute that "she previously has field and voluntarily dismissed by notice two actions asserting the same claim at issue here." *See* Reply at 5.

Fourth, Zabel seeks to raise the same twice-dismissed claim again in this third action in federal court. Zabel has stated in her Notice of Related Cases that the prior second federal action, arose "from the same transaction, happening, or event and call[ed] for the determination of the same or substantially related or similar questions of law and fact" as her first federal action, which as discussed above, also had the "same transactional nucleus of fact" as the first state action. *See* Dkt. No. 6; *Rose Ct., LLC*, 119 F.4th at 686. Therefore, the fourth element is satisfied.

Zabel contends that the second dismissal was not voluntary, so the second element was not satisfied and thus the two-dismissal rule does not apply. *See* Opposition at 5-6. Defendants contend that the dismissal was voluntary because the Court does not look to what motivated the dismissal and Zabel's argument goes against the purpose of Rule 41. *See* Reply at 6-7.

The Ninth Circuit held that "[t]he term 'voluntary' in Rule 41 means that the party is filing the dismissal without being compelled by another party or the court. In other words, it does not mean that other circumstances might not have compelled the dismissal or that the party desired it." *See Lake at Las Vegas Invs. Grp., Inc.*, 933 F.2d at 726-27 (*quoting Randall v. Merrill Lynch*, 820 F.2d 1317, 1321 (D.C. Cir. 1987), *cert. denied*, 484 U.S. 1027 (1988)). "[W]hile [Rule 41] delineates the bases upon which the defendant may seek an involuntary dismissal, [a court] does not consider the plaintiff's reasons for seeking a voluntary dismissal." *Id.* at 727.

Here, Zabel was not compelled by Sanchez or any other Defendant to file the dismissal because Zabel had "alternatives to filing for voluntary dismissal." *Id.* at 727. Zabel claims that she was compelled to file the dismissal because if she did not, then Sanchez was going to file an anti-SLAPP motion, forcing Zabel to pay Sanchez's attorneys' fees. *See* Opposition at 5. However, Zabel had the choice to respond to the anti-SLAPP motion and adjudicate the matter, as she is doing now with this Motion. If Zabel prevailed, then she would not have had to pay attorneys' fees. Zabel did not allege any true misconduct by Sanchez that would show she was compelled. *See* 1AC ¶¶ 16-19. Also, Zabel chose to propose a stipulation to stay the first federal proceedings, *see* Opposition at 7, 7 n.2., and then later moved on her own to stay those proceedings once the stipulation was denied by Sanchez, *see* Ex. G, Dkt. No. 18-8. And the Court will not consider any other reason that Zabel may claim as to why she was compelled to file the dismissal. *See Lake at Las Vegas Invs. Grp., Inc.*, 933

F.2d at 727; *see also* Motion at 16. Thus, Zabel's decision to file a dismissal was voluntary, so her second dismissal must be deemed an adjudication on the merits under Rule 41(a)(1)(B).

### B. Zabel Has Not Established That Her Circumstances Constitute a Circumstance Where Rule 41(a) Shall Not Be Literally Applied

Zabel also contends that even if the prior dismissals were voluntary, Rule 41(a) should not apply because her circumstances qualify as a "limited circumstance," where Rule 41(a) is not literally applied. *See* Opposition at 6-9 (*citing Axon Enter. Inc. v. Vievu LLC*, No. 17-01632, 2018 WL 317289, at *6 (D. Ariz. Jan. 5, 2018)). Defendants contend that there are no limited circumstances to warrant such a finding. *See* Motion at 16-17; Reply at 7-8.

The Ninth Circuit in *Lake* held that "a few cases have suggested that, in certain limited circumstances, the Rule [41] will not be literally applied." *Lake at Las Vegas Invs. Grp., Inc.*, 933 F.2d at 727. But the main case cited in support of that proposition, *see Poloron Prod., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017-18 (2d Cir. 1976), was "limited to its facts [of a jointly stipulated and consented to voluntary dismissal by all parties] and [did] not preclude application of the bar where the voluntary dismissal [was] unilateral." *See id.; see also Lake at Las Vegas Invs. Grp., Inc.*, 933 F.2d at 727. And the other case discussed, *Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir. 1987), was a dismissal by motion that did not fall under the two-dismissal rule, "but it hardly suggest[ed] that dismissals which [fell] *squarely within the language of the Rule* should be read out of it via an intent inquiry." *Id.* (emphasis in original).

Here, unlike the plaintiff in *Poloron* or *Sutton*, there was no jointly stipulated dismissal or dismissal by motion to warrant a limited circumstance that disregards a literal application of Rule 41(a). *See* Reply at 7-8. Zabel has not pointed to any other factual situation that warrants a "limited circumstance." *See* Opposition at 6-9.

Zabel contends that her mistake of filing in the wrong court for her first action, because she was pro se, contributed to such a "limited circumstance," *see* Opposition at 6, but being pro se does not excuse her from following the same procedures and rules. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). And while

the circumstances of the L.A. wildfires are serious, *see* Opposition at 6, it is not a "limited circumstance" because Zabel had time to voluntarily file a third-party subpoena on January 7, 2025, and a request to stay the proceedings on January 11, 2025—all during the midst of the fires. *See* Ex. G, Dkt. No. 18-8; Ex. F, Dkt. No. 18-7. Also, as discussed above, Sanchez's threat of anti-SLAPP motion and motion to dismiss is not a limited circumstance, but simply parties engaging in litigation. *See* Opposition at 6-7.

Finally, Zabel's cite to *Axon* for support of her "limited circumstance" argument is unavailing. *See* Opposition at 8-9; *see also* Reply at 7-8. In *Axon*, even though defendant's counsel threatened a motion to dismiss prior to dismissal, the plaintiff's dismissal fell between the "unilateral actions seen in *Lake* and the stipulated voluntary dismissal in *Poloron*," because the "parties met and conferred, and Plaintiff provided Defendant with a draft version of its motion for voluntary dismissal and requested its approval [and] Defendant responded affirmatively." *See Axon Enter. Inc.*, 2018 WL 317289, at *6. The plaintiff's prior dismissals were thus seen as "neither purely unilateral nor done for an improper purpose," because there were no signs of harassment and there appeared to be a "tacit agreement or understanding between counsel before Plaintiff voluntarily dismissed its prior actions." *See id.* at *7. Therefore, the court applied the "limited circumstance" exception and did not bar the plaintiff's third action under Rule 41(a). Unlike the plaintiff in *Axon*, even though there were also no signs of harassment, Zabel's dismissal was purely unilateral and there was no "tacit agreement or understanding" between the parties, as discussed above.[5]

Defendants have met the four requirements in *Rose Court*; Zabel cannot show that the dismissal was compelled or warranted by a limited circumstance; and this Court declines to apply an intent inquiry that the Ninth Circuit has said it should not. Accordingly, Zabel's dismissal of her second action was an adjudication on the merits that barred her third action against Sanchez.

///

---

[5] It does not matter whether *Axon* ran foul of the rule that courts "do[] not consider the plaintiff's reasons for seeking a voluntary dismissal" under Rule 41 or whether *Rose Court* overruled *Axon* (which it did not), *see* Reply at 7; Motion at 16, because as discussed above, Zabel's facts do not apply to the holding in *Axon*.

### C. Zabel's Violation of Rule 41(a)(1)(B) Against Sanchez Bars Her Copyright Claim Against Collective and Simon & Schuster.

Defendants contend that Rule 41(a) bars Zabel's claim against Collective and Simon & Schuster. *See* Motion at 18-19; *see also* Reply at 9. Zabel contends that Rule 41(a) does not bar her claim against Collective and Simon & Schuster because neither Collective nor Simon & Schuster are substantially the same as Sanchez, the dismissed named defendant. *See* Opposition at 9.

"Generally, only defendants named as a party in the prior two dismissed actions may invoke the two-dismissal rule. But the rule applies even to a defendant who was not previously named if that defendant is 'substantially the same as the defendant dismissed.'" *Rose Ct., LLC*, 119 F.4th at 688 (*quoting Lake at Las Vegas Invs. Grp., Inc.*, 933 F.2d at 728).

In *Rose Court*, even though U.S. Bank was not named as a defendant in the prior dismissed action, U.S. Bank was barred by Rule 41(a) because the named defendant, SPS, and U.S. Bank were seen as "substantially the same" since SPS and U.S. Bank were "closely connected based on their agency relationship with respect to the loan, and the allegations against SPS implicated U.S. Bank's interests." *Id.* And in *Lake*, even though the two Transneva defendants were not named in the prior action, the Transneva defendants were also barred because the Transneva defendants and Transcontinental, the named defendant and parent company of the Transneva defendants, were seen as "substantially the same" since "the danger of harassment to the parent continued when the closely related Transneva entities were sued." *Lake at Las Vegas Invs. Grp., Inc.*, 933 F.2d at 728.

Here, like the defendants in *Rose Court* and *Lake*, Sanchez, the named defendant in the prior actions, and Collective and Simon & Schuster are "substantially the same." First, even though Zabel did not allege any direct agency relationship between Sanchez, Collective, and Simon & Schuster, *see* 1AC ¶¶ 6-10, the allegations against Sanchez implicated Collective's and Simon & Schuster's interests, because they are all sued for the same copyright infringement claim, *see id.* ¶¶ 89-91, 95-99; *see also Rose Ct., LLC*, 119 F.4th at 688; Reply at 9. In fact, prior to the publication of Sanchez's book, Zabel sent cease-and-desist letters to Sanchez, Collective, and Simon & Schuster for the same alleged copyright infringement. *See* 1AC ¶ 81; *see also* Motion at 19. Resolution of the copyright claim as to Collective and Simon & Schuster will thus turn on substantially the same legal issues and evidence as resolution for Sanchez's claim because a copyright owner has the exclusive right "to do

and to authorize" the reproduction and distribution of the copyrighted work, and can transfer or license the right, like to a publisher or distributor. *See* 17 U.S.C. §§ 106(1), (3); 3 Nimmer on Copyright § 10.02.

Second, there would still be a "danger of harassment" to Sanchez if Collective and Simon & Schuster were to be sued, because to prove that Collective and Simon & Schuster engaged in copyright infringement, Zabel would have to first succeed in showing that Sanchez engaged in copyright infringement. *See Lake at Las Vegas Invs. Grp., Inc.*, 933 F.2d at 728; Motion at 19. Thus, the policies around Rule 41(a) would not be advanced if Zabel could continue to sue Collective and Simon & Schuster while being barred from suing Sanchez. Therefore, Collective and Simon & Schuster are "substantially the same" as Sanchez in the context of the prior two actions, and thus the two-dismissal rule applies to bar Zabel's current copyright action against Collective and Simon & Schuster.

Accordingly, Rule 41(a) bars Zabel's claims against Collective and Simon & Schuster.[6]

### III.    Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1.  Defendants' Motion to Dismiss (Dkt. No. 18) is GRANTED and Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE.

2.  Defendants' Request for Judicial Notice (Dkt. No. 18-1) is GRANTED.

3.  Defendants' Evidentiary Objection (Dkt. No. 26) is GRANTED.

IT IS SO ORDERED.

Dated: March 25, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[6] The Court need not address if Zabel sufficiently stated a copyright claim, because as discussed above, all claims against all Defendants are barred by Rule 41(a). *See* Motion at 20-30; Opposition at 10-15.

13